UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joseph N. Briggs, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 05-1344(GK) |
| ) | |
| v. ) | |
| ) | |
| STATE DEP'T FED CREDIT UNION ) | |
| et. al, ) | |
| Defendants. ) | |
| ) | |

**MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT**

Now comes defendant, the United States of America[1], by and through counsel, and respectfully requests, pursuant to Fed. R. Civ. P. 12(b)(1) and (6) that plaintiff's complaint be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. A memorandum of points and authorities in support of defendant's motion to dismiss is attached hereto as well as a Proposed Order consistent with the relief sought herein.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

---

[1] The United States is properly substituted for the two named military policemen pursuant to 28 U.S.C. Sec. 2679(d) (2000).

|  |  |
|---|---|
| _____ | _____ |
|  | KEVIN K. ROBITAILLE |
|  | Special Assistant U.S. Attorney |
|  | 555 4th Street, NW |
|  | Washington, D.C. 20530 |
|  | (202) 353-9895 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Joseph N. Briggs, ) | ) |
| Plaintiff, ) | Civil Action No. 05-1344(GK) |
| v. ) | ) |
| STATE DEP'T FED CREDIT UNION ) et. al, ) | ) |
| Defendants. ) | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT**

**I. Introduction**

Plaintiff Pro Se brings suit alleging that two military policemen arrested him without reason and kicked him during the course of that arrest[2]. Defendant moves pursuant to Fed R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss Plaintiffs' complaint for lack of jurisdiction.

This Court lacks jurisdiction over Plaintiff's claims. The United States is properly substituted as the defendant for the two named military policemen and plaintiff has failed to exhaust his administrative remedies required under the Federal Tort Claims Act 28 U.S.C. §§ 2671-2680.

---

[2] Plaintiff has also named the State Department Federal Credit Union as a defendant. This credit union is a private entity separately represented in this suit. This motion is not brought on its behalf.

1

## II. **Background**

Plaintiff alleged that he went to the Fort McNair branch of the State Department Federal Credit union on January 19, 2005 to attempt to resolve a dispute regarding his account. Complaint page 1 (hereinafter Compl p. #). Plaintiff claims that, without reason, the military police arrested him and kicked him four times on the right leg "causing a blood" (sic) putting plaintiff "on the verge of death." Compl. p. 1 & 3.

## III. **Standard of Review**

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the legal sufficiency of a complaint. Atchinson v. District of Columbia, 73 F. 3d 418, 421 (D.C. Cir. 1996). A complaint may be dismissed for failure to state a claim upon which relief can be granted, if the facts pled and reasonable inferences therefrom are legally insufficient to support the relief requested. Appleton v. United States of America, 69 F. Supp. 2d. 83, 86 (D. D.C. 1999). In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Scheuer v. Rhodes, 416 U.S. 232 (1974). The Court need not, however, accept as true the plaintiff's legal conclusions. See Taylor v. FDIC, 132 F.3d 753, 762 (D.C. Cir. 1997). From the facts alleged in the complaint, it appears beyond doubt that the plaintiff can prove no set of facts that would entitle her to relief.

The standard of review for a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is virtually identical to that used for 12(b)(6) motions. *See*, *e.g.*,

2

Vanover v. Hantman, 77 F. Supp. 2d 91, 98 (D.D.C. 1999).  However, the Court is free to consider material outside the pleadings for purposes of resolving jurisdictional issues.  Artis v. Greenspan, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) ("[a] court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue, personal jurisdiction or subject matter jurisdiction.") (citing  Land v. Dollar, 330 U.S. 731, 735 n.4, (1947)).  So long as the Court considers matters outside the pleadings only with respect to the issues raised pursuant to Fed. R. Civ. P. 12(b)(1) and relating to lack of subject matter jurisdiction, a motion to dismiss is not converted to one for summary judgment.  Artis v. Greenspan, 223 F. Supp. 2d at 152 n.1. Id. In the Rule 12(b)(1) context, the plaintiff bears the burden of proving jurisdiction.  Id.

### IV.  Argument

#### A.  Plaintiff Has Not Plead Nor Proven Jurisdiction

The Complaint in this case neither provides a jurisdictional statement nor alleges facts sufficient to establish jurisdiction including a waiver of sovereign immunity.  A complaint must contain a short and plain statement of the grounds upon which the court's jurisdiction depends. FRCP 8(a); Kirkland Masonry, Inc. v. Commissioner, 614 F.2d 532, 533 (5th Cir. 1980) (Rule 8 requires "a short and plain statement of the grounds upon which the court's jurisdiction depends").  Plaintiff must "allege in [her] pleadings the facts essential to show jurisdiction." Flowers v. Exec. Office of the President, 142 F. Supp. 2d 38 (D.D.C. 2001) citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 179, (1936); FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231, (1990). Moreover, the court may not infer jurisdiction "argumentatively from averments in  pleadings," Bender v. Williamsport Area School Dist., 475 U.S. 534, 547  (1986), for jurisdiction must "affirmatively and distinctly" appear in the complaint.  Norton v. Larney,

3

266 U.S. 511, 515, (1925).

Despite Plaintiff's pro se status, he must meet the burden of pleading and proving the existence of subject matter jurisdiction. McNutt v. General Motors Acceptance Co., 298 U.S. 178, 182 (1936) ("[i]t is incumbent upon the plaintiff properly to allege the jurisdictional facts"); See Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995) ("fact that [plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures"); While pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings, courts do not need to provide detailed guidance to pro se litigants but should supply minimal notice of the consequences of not complying with procedural rules. Moore v. Agency for Int'l Dev., 994 F. 2d 874 (D.C. Cir. 1993). While pro se litigants' complaints are liberally construed they "cannot generally be permitted to shift the burden of litigating his case to the courts, nor to avoid the risks of failure that attend his decision to forego expert assistance." Macleod v. Georgetown Univ. Med. Ctr., 736 A.2d 977 (D.C. 1999) quoting Dozier v. Ford Motor Co., 702 F.2d 1189, 1194 (1993). See also Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (1993) (the court "does not need to provide detailed guidance to pro se litigants," nor does liberal treatment "constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure." (internal quotation omitted)).

A plaintiff's burden to properly plead jurisdiction is particularly heavy when suing the sovereign. United States v. Mitchell, 463 U.S. 206, 212 (1983) ("the United States may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction"); See Swift v. U.S. Border Patrol, 578 F. Supp. 35, 37 (S.D. Tex. 1983), aff'd 731 F.2d 886 (5th Cir. 1984) ("it is incumbent upon the Plaintiff to state in his complaint the grounds upon which the

4

sovereign consented to this suit"). As sovereign, the United States is "immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941); Kelley v. Secretary of Labor, 812 F.2d 1378, 1380 (Fed. Cir.1987) (when ruling on the limits of the United States' consent to be sued, court may not "set a different rule for pro se litigants only"). Statutory waivers of sovereign immunity "are to be construed strictly in favor of the sovereign." McMahon v. United States, 342 U.S. 25, 27 (1951) (citations omitted).

Plaintiff's failure to plead and prove jurisdiction is sufficient grounds for dismissing this complaint. Plaintiff does not allege that he has filed an administrative claim as required by the FTCA.

**B.      The Court Lacks Jurisdiction over Plaintiff's Tort Claims because he failed to Exhaust his administrative Remedies**

Plaintiff's tort claims are barred by sovereign immunity. Staff Sergeants (SSG) Crowley and Dunlap were acting within the scope of their employment at the time of the alleged tort and thus the United States is properly substituted as defendant in this action. The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, 28 U.S.C. Sec. 2679(d) (2000), provides that federal employees are absolutely immune from state tort liability so long as the employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose. 28 U.S.C. Sec. 2679(d)(1). Thus, when a federal employee is sued for a wrongful or negligent act, the U.S. Attorney General, or by designation the U.S. Attorney in the district where the claim is brought, may certify that the employee was acting at the time within the scope of his or her employment. Id. Kenneth L. Wainstein, the United States Attorney for the District of Columbia, pursuant to his delegated

authority, has certified pursuant to 28 U.S.C. § 2679(d)(2) that SSG Scherill Crowley and Staff Sergeant John Dunlap were acting within the scope of their respective offices or employment at the time of the alleged incident. See Defendant's Exhibit 1; hereinafter DEX #. The Supreme Court has held that the government's scope of employment determination under the Westfall Act is judicially reviewable regarding the substitution of the government. Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 420 (1995). However, the scope certification provides "prima facie" evidence as to the correctness of the scope ruling. Kimbro v. Velten, 30 F.3d 1501, 1509 (D.C. Cir. 1994) (adopting the Third Circuit's summary judgment-like procedure set out in Melo v. Hafer, 13 F.3d 736 (3d Cir. 1994)).

Thus, the certification "creates a rebuttable presumption that [the employee] was acting within the scope of his employment." Hosey v. Jacobik, 966 F. Supp. 12, 14 (D.D.C. 1997). "The burden therefore shifts to [the plaintiff] to come forward with 'competent evidence supporting the facts . . . necessary to support a conclusion that the defendant acted beyond the scope of his employment.'" Koch, supra, 2002 US Dist. LEXIS 11090*7, quoting Melo, 13 F.3d at 747.

The Court of Appeals for the D.C. Circuit has noted that the scope of employment question is controlled by applicable state law--here, District of Columbia law. Haddon v. U.S., 68 F.3d 1420 (D.C. Cir. 1995). Other circuits have agreed that a plaintiff challenging the government's scope of employment certification "bears the burden of coming forward with specific facts rebutting the certification," and that the question of scope of employment is governed by state law. Lawson v. U.S., 103 F.3d 59, 60 (8th Cir. 1996); Singleton v. U.S., 277 F.3d 864, 870-71 (6th Cir. 2002); Ross v. Bryan, 309 F.3d 830, 833-34 (4th Cir. 2002);

McLachlan v. Bell, 261 F.3d 908, 909-11 (9th Cir. 2001).  If a plaintiff can raise a material dispute regarding the substance of the U.S. Attorney's determination by alleging facts that, if true, would establish that defendants were acting outside the scope of their employment, limited discovery and an evidentiary hearing may be proper.  Stokes v. Cross, 327 F.3d 1210 (D.C. Cir. 2003).  No such discovery or hearing is required here because Plaintiff's evidence does not rebut the government's certification but rather reinforces that certification.

The District of Columbia Court of Appeals has adopted the rule of the Restatement (Second) of Agency § 228, which provides that the

> . . . conduct of a servant is within the scope of employment if, but only if:  (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master; and (d) if force is intentionally used by the servant against another, the use of force is not unexpected by the master.  Restatement (Second) of Agency, Sec. 228(1).

Haddon v. U.S., 68 F. 3d  at 1423-24 (D.C. Cir. 1995).

In this case, the scope determination is absolutely clear.  The plaintiff alleges that the two named military police officers arrested him for events occurring on a military installation.  Arresting suspects is clearly the kind of work the MPs were employed to perform.  The arrest occurred on Fort McNair military base where the MPs were on duty and there is no information to suggest the arrest was done for other than the Army's purposes. Finally the use of force was not unexpected.

"In the District of Columbia and in the common law of agency generally, scope of employment is very broad.  As the D.C. Circuit has ruled, the acts of an agent motivated partly by self-interest – even where self-interest is the predominant motive – lie within the scope of employment so long as the agent is actuated by the principal's business purposes

7

to any appreciable extent." Freiman v. Lazur, 925 F. Supp. 14, 19 (D.D.C. 1996) (quoting Local 1814, Int'l Longshoremen's Ass'n v. National Labor Rel. Bd., 735 F.2d 1384, 1395 (D.C. Cir. 1984)).  Under District of Columbia law, a wide variety of intentionally tortious behavior has been held to be within the scope of employment when it was actuated, at least in part, by a desire to serve the employer's interest.  For example, in Brown v. Argenbright Security, Inc., 782 A.2d 752 (D.C. 2001), the D.C. Court of Appeals held that a security company could be held liable for the acts of its employee who allegedly sexually assaulted, in the course of an investigation, a minor whom he suspected of shoplifting.  The court held that a reasonable jury could have found that the security guard's actions were motivated at least partially by a desire to serve his employer, resulting in vicarious liability of the employer, particularly since the "principal's interests" were involved to the extent that the actions in question began with a physical search of a suspected shoplifter.  Id. at 758.  Similarly, in Hechinger Co. v. Johnson, 761 A.3d 15 (D.C. 2000), the court found that an employee of a retailer was acting within the scope of his employment, making the retailer vicariously liable for his actions, when he struck a customer in the chest after the customer attempted to remove some wood from the store without paying for it.  The court noted that the assault grew out of a job-related controversy, and it was reasonable for the jury to conclude that the employee's actions "were motivated by a desire to require [the plaintiff] to pay for the wood, which he presumed to be the property of his employer," and thus that he "acted, at least partially, by a desire to serve [the employer's] interests."  Id., 761 A.2d at 24.

    These cases are in line with earlier District of Columbia cases finding tortious

conduct to be within the scope of employment in particular cases. In <u>Lyon v. Carey</u>, 533 F.2d 649 (D.C. Cir. 1976), the court upheld a jury verdict that a mattress deliveryman acted within the scope of his employment when he assaulted and raped the plaintiff immediately following a dispute over his delivery of, and her payment for, a mattress. In <u>Johnson v. Weinberg</u>, 434 A.2d 404 (D.C.1981), the D.C. Court of Appeals ruled that a laundromat could be liable for injuries inflicted when an employee shot a customer over missing shirts. Recently this Court concluded that a Federal employee was acting within the scope of her employment when she allegedly slammed a door into her coworker after a dispute over a project the two were working on. <u>Caesar v. United States</u>, 258 F. Supp 2d. 1 (D.D.C. 2003). In each case, because the conduct was "triggered by a dispute over the conduct of the employer's business," the court held that the employee's actions were within the scope of employment. <u>Haddon,</u> 68 F.3d at 1425. The force alleged in the instant case was far more closely related the Master's interest than those cited above. Therefore, under District of Columbia law, there can be no material dispute about whether or not SSG Crowley and SSG Dunlap were acting within the scope of their employment.

The FTCA, 28 U.S.C. §§ 2671-2680, provides that "an action shall not be instituted against the United States for money damages for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a). This requirement is jurisdictional.

9

Simkins v. District of Columbia Government, 108 F.3d 366, 371 (D.C. Cir. 1997) ("the Supreme Court has held that the 'FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.'") (quoting McNeil v. United States, 508 U.S. 113 (1993)).

Plaintiff does not allege that he has exhausted his administrative remedies under the FTCA. The attached declaration of Joseph P. Rouse, Deputy Chief, Tort Claims Division, Us. Army Claims Service, demonstrates that plaintiff did not file an administrative claim prior to filing suit. DEX 2. Accordingly, his complaint must be dismissed for failure to comply with this jurisdictional requirement. Verner v. United States, 804 F. Supp. 381, 384 (D.D.C. 1992); Knowles v. United States, 2005 U.S. App. LEXIS 6568 (D.C. Cir. 2005).

### V.  CONCLUSION

This Court lacks Jurisdiction over Plaintiff's claims. For the foregoing reasons, this action must be dismissed.

Respectfully submitted,

KENNETH L. WAINSTEIN, DC BAR #451058
United States Attorney

R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

10

                          _____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 4th Street, NW
Washington, D.C. 20530
(202) 353-9895

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joseph N. Briggs, | ) |
| Plaintiff, | ) Civil Action No. 05-1344(GK) |
| v. | ) |
| STATE DEP'T FED CREDIT UNION et. al, | ) |
| Defendants. | ) |

**ORDER**

Upon consideration of Defendant's Motion to Dismiss and the opposition thereto, and the Court having considered the entire record herein, it is, this _____ day of _____, 2006,

ORDERED that Defendant's motion is GRANTED, and it is further

ORDERED that judgment shall be entered for Defendant, and that this matter is hereby DISMISSED WITH PREJUDICE.

This is a final, appealable order.

_____
Gladys Kessler
United States District Judge

Copies to:
JOSEPH N. BRIGGS
3415 Joann Drive
Windsor Mills, MD 21244-2922

12

Kevin K. Robitaille
Special Assistant U.S. Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530

13

## CERTIFICATE OF SERVICE

I certify I caused a copy of the foregoing Motion to Dismiss to be served by first class mail upon pro se plaintiffs at:

JOSEPH N. BRIGGS
3415 Joann Drive
Windsor Mills, MD 21244-2922

on this 3d day of January 2006.

                                                                                                                   _____
KEVIN K. ROBITAILLE
   Special Assistant U.S. Attorney
555 4th Street, NW
Washington, D.C. 20530
(202) 353-9895