UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH N. BRIGGS,<br><br>Plaintiff,<br><br>v.<br><br>STATE DEPARTMENT FEDERAL<br>CREDIT UNION, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-1344 (GK)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT STATE DEPARTMENT FEDERAL CREDIT UNION'S
### MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF ITS MOTION TO DISMISS

#### Introduction

The claims against Defendant State Department Federal Credit Union ("SDFCU") should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(4) and (5) because plaintiff Joseph N. Briggs ("Briggs") failed to properly effect service of process on SDFCU the within 120 days of filing his complaint as required. Fed.R.Civ.P. 4. In an October 19, 2005 Order denying Briggs' request for a default judgment against Defendants, this Court acknowledged that Briggs failed to effect service of process against the Defendants and instructed him to read the relevant rules of civil procedure. Despite this Court's clear instruction, over a month has passed and it appears that Briggs has not even attempted to effect service of process on the SDFCU. Briggs cannot show just cause for his delay, particularly given this Court's specific instructions, and should not be permitted to disregard the Federal Rules of Civil Procedure. The Complaint should be dismissed as to SDFCU pursuant to Rule 12(b)(6) for the additional reason that Briggs failed to state any claims against SDFCU for which relief can be granted. Briggs has not alleged that he was injured or damaged in any way be SDFCU's actions or while on SDFCU's premises.

## Statement of Facts

SDFCU is a federal credit union chartered to provide financial services to current and former State Department employees and Military personnel. On July 6, 2005, Briggs acting pro se filed a complaint against the SDFCU, and Military Police Officers Staff Sergeant Crowley and Staff Sergeant Dunlap alleging that he sustained physical injuries after he was arrested at SDFCU's branch office at Fort McNair and detained by the Military Police ("MP"). Briggs mailed his handwritten Complaint via regular United States mail to the SDFCU's "President and CEO" at its offices in Alexandria, Virginia. Briggs then sent a summons, which on its face was directed to himself, via regular United States mail to the Fort McNair Branch of the SDFCU. The envelope enclosing the summons was addressed to Cynthia Chamberlain, the manager for the SDFCU branch office at Fort McNair. Ms. Chamberlain is not a registered agent for SDFCU.

On October 19, 2005, this Court issued an order denying Briggs' request for a default judgment because he did not effect proper service of process on the Defendants. The Court instructed Briggs "to review the Federal Rules of Civil Procedure, especially Rules 3 through 6" and "to maintain proper respect and civility in his future communications with this Court and its personnel." The docket for this case reflects that on October 25, 2005, the Court reissued two summonses directed to the United States Attorney's Office and the Attorney General's Office. SDFCU did not receive a reissued summons nor does it appear that the Court ever issued a summons directed to SDFCU.

**Briggs' Complaint.** The Complaint alleges that on January 19, 2005, Briggs went to the Fort McNair Branch of the SDFCU to inquire about an account for which he received a default notice even though the account had been closed. Briggs alleges that at some point during his visit, he was arrested by the Military Police and detained at the MP's offices. Briggs alleges

that the Defendants Crowley and Dunlap kicked him four times on the right leg while he was in the MP's office. Briggs further alleges that after the MPs kicked him, he formed a blood clot and his leg swelled which, in turn, caused him to incur permanent tissue damage. The only injury claimed by Briggs in the Complaint is the physical injuries he incurred as a result of the MPs alleged conduct.[1]

## Argument

A.   **Briggs Failed To Effect Service Of Process On SDFCU.**

As this Court observed in its October 19, 2005 order, to date Briggs has not properly served the complaint and summons on SDFCU. The Federal Rules of Civil Procedure require service of the complaint and summons together by the methods permitted by the applicable rules within 120 days after filing the complaint. Fed.R.Civ.P. 4(h); SCR-Civ 4. In July, Briggs sent the complaint, without a summons, via regular first class mail to SDFCU's offices in Virginia and then, separately, sent a summons (directed to himself), without a complaint, via regular first class mail to the SDFCU's Fort McNair branch office. The 120-day period for complying with the rule's requirements expired over two months ago on November 3, 2005. Because Briggs has not properly served SDFCU with the summons and the complaint within the required time period, SDFCU should be dismissed from this action. Fed.R.Civ.P. 4(m).

Even though Briggs is a pro se litigant, he was given adequate opportunity and direction from this Court to effect service of process on SDFCU and should not be permitted to disregard the Federal Rules of Civil Procedure. *See United States v. Funds From Prudential Securities*, 362 F. Supp. 2d 75, 82 (D.D.C. 2005) (pro se litigants not permitted to disregard the Federal Rule of Civil Procedure). On October 19, 2005, this Court informed Briggs that he failed to

---

[1] Briggs alleges that he went to the SDFCU's branch office to resolve an issue with his SDFCU account but does not allege that he incurred any injury as a result of the issue and concedes that SDFCU gave him the $200 balance on his account.

serve process on the Defendants and directed him to examine Rule 3 through 6 of the Federal Rules of Civil Procedure. Despite this Court's clear direction, Briggs still failed to serve process on SDFCU or even obtain a summons directed to SDFCU. While it appears that after this Court issued its October 19, 2005 order, two summonses were reissued to the government, there is no record of a summons being reissued to SDFCU. Under these circumstances Briggs can not demonstrate good cause for his delay in serving process on SDFCU and SDFCU should be dismissed from this litigation.

### B.     In The Alternative Briggs Failed To State A Claim Against SDFCU.

Even if Briggs did effect service of process on SDFCU, which for the reasons stated he did not, Briggs failed to state a claim upon which relief can be granted against SDFCU. Therefore, as to SDFCU, the complaint should be dismissed. A court should dismiss a complaint under Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Williams v. Holiday Inn Washington, DC On the Hill*, 295 F. Supp. 2d 27, 28 (D.D.C. 2003) *quoting Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957). In a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff and its allegations are taken as true. *Id.* While courts tend to read pleadings filed by pro se litigants more liberally, where a pro se complaint, even if read liberally, does not set forth any elements for any actionable claims against a party, the complaint should be dismissed as to that party. *See Williams*, 295 F. Supp. 2d at 29 (dismissing with prejudice pro se complaint because plaintiff failed to allege elements of any possible claim); *Caldwell v. District of Columbia*, 901 F. Supp. 7, 10 (D.D.C. 1995) (dismissing pro se complaint because plaintiff did not allege facts sufficient to give rise to Section 1983 deliberate indifference claim). Briggs' Complaint is completely devoid of any allegation that the SDFCU caused the injury for which he seeks relief, or any other actionable

injury for that matter. Rather, Briggs alleges that the physical injuries that he sustained were the result of an MP officer kicking him in the right leg after they arrested him and removed him from SDFCU's premises. Although Briggs alleges that he initially entered SDFCU because a default notice received from SDFCU, he also states in the Complaint that the SDFCU gave him the $200 balance in his account. There is no possible construction of the complaint that would lead to the conclusion that Briggs alleged that he was injured in any way by the SDFCU's actions or actions that could be attributed to the SDFCU for the purposes of liability.

## CONCLUSION

For the foregoing reasons, SDFCU requests that the Court dismiss the claims against SDFCU with prejudice.

Respectfully submitted,

*Lawrence B. Bernard*

Lawrence B. Bernard  (D.C. Bar No. 181636)
Michelle L. Patail (D.C. Bar No. 494633)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C.  20004
Telephone:  (202) 344-4854
Facsimile:  (202) 344-8300

*Counsel for Defendant*
*State Department Federal Credit Union*

Dated:  January 9, 2006

#699114/DC2
042956-199225

-5-