UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joseph N. Briggs, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 05-1344(GK) |
| | ) |
| v. | ) |
| | ) |
| STATE DEP'T FED CREDIT UNION | ) |
| et. al, | ) |
| Defendants. | ) |
| | ) |

_____

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS**

**I. Background**

Plaintiff, Pro Se, filed suit against two military policemen and the State Department Federal Credit Union. The suit alleges that the two military policemen (MPs) arrested him without reason and kicked him during the course of that arrest. On January 3, 2006 the United States Attorney for the District of Columbia certified pursuant to his delegated authority, under 28 U.S.C. § 2679(d)(2) that both MPs were acting within the scope of his or her employment.

With the certification the United States was properly substituted for the two MPs and the United States moved pursuant to Fed R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss Plaintiffs' complaint for lack of jurisdiction. See Docket entry 7. Defendant, State Department Federal Credit Union filed a motion to dismiss the claims against it on January 9, 2006. Docket Entry 9. Plaintiff has responded by filing something which he labels a "Motion to Proceed on

Defendants' Motion." Docket entry 11. While this "motion" does not address the legal arguments raised in the United States' motion to dismiss it does purport to respond to the government's motion and not the State Department Federal Credit Union's motion. Plaintiff has also filed an as yet un-docketed, motion to dismiss alleging that the government's response was untimely filed.

## II. Argument

**A.    Plaintiff Still Has Not Plead a Basis for this Court's Jurisdiction**

In our Motion to Dismiss the government argued that the Complaint in this case neither provides a jurisdictional statement nor alleges facts sufficient to establish jurisdiction including a waiver of sovereign immunity. Plaintiff's response identifies neither a jurisdictional basis nor a waiver of sovereign immunity. Plaintiff's response appears to indicate that plaintiff intended to sue the MP's in their official capacity, although that is far from clear. Regardless of plaintiff's intent, the unchallenged scope certification by the United States Attorney properly substitutes the United States as defendant. As sovereign, the United States is "immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941). Plaintiff has offered no basis for finding a waiver of sovereign immunity.

**B.    The Court Lacks Jurisdiction over Plaintiff's Tort Claims because he failed to Exhaust his administrative Remedies**

Plaintiff's tort claims are barred by sovereign immunity. Plaintiff has not challenged the certification that the two MPs were acting within the scope of their federal employment. The scope certification "creates a rebuttable presumption that [the employee] was acting within the scope of his employment." Hosey v. Jacobik, 966 F. Supp. 12, 14 (D.D.C. 1997). "The burden

therefore shifts to [the plaintiff] to come forward with 'competent evidence supporting the facts . . . necessary to support a conclusion that the defendant acted beyond the scope of his employment.'" Koch, supra, 2002 US Dist. LEXIS 11090*7, quoting Melo, 13 F.3d at 747. Plaintiff has not offered any evidence to meet his burden of proof.

The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, 28 U.S.C. Sec. 2679(d) (2000), provides that federal employees are absolutely immune from tort liability so long as the employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose. 28 U.S.C. Sec. 2679(b)(1). Additionally the Westfall act provides that

> upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 USCS § 2679.

Although the Federal Tort Claims Act (FTCA) 28 U.S.C. §§ 2671-2680, is a waiver of sovereign immunity it conditions that waiver on the exhaustion of administrative remedies. The FTCA, provides that "an action shall not be instituted against the United States for money damages for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a). This requirement is jurisdictional. Simkins v. District of Columbia Government, 108 F.3d 366, 371 (D.C. Cir. 1997) ("the Supreme Court has held that the 'FTCA bars claimants from bringing suit in federal court

until they have exhausted their administrative remedies.'") (quoting <u>McNeil v. United States</u>, 508 U.S. 113 (1993)).  Plaintiff does not allege, in either his complaint or his response that he has exhausted his administrative remedies under the FTCA.  The declaration of Joseph P. Rouse, Deputy Chief, Tort Claims Division, US. Army Claims Service, filed with defendant's Motion to Dismiss, demonstrates that plaintiff did not file an administrative claim prior to filing suit. See Exhibit 2, docket entry 7.  Accordingly, his complaint must be dismissed for failure to comply with this jurisdictional requirement.  <u>Verner v. United States</u>, 804 F. Supp. 381, 384 (D.D.C. 1992); <u>Knowles v. United States</u>, 2005 U.S. App. LEXIS 6568 (D.C. Cir. 2005).

**C.    Defendant's Response was Timely Filed**

On January 13, 2006, defendant received a "Motion for Judgment by Default" from plaintiff.  Plaintiff alleges that "Defendants failed to respond to Plaintiff's allegations within the time frame computed in the FRCP."  The United States Attorney's office was served on November 3, 2005 and the United States filed its motion to dismiss on January 3, 2006.  Fed. R. Civ. P. 12(a)(3)(A) requires the United States to file an answer or defense within 60 days of service.  Likewise an officer or employee of the United States sued in his or her individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States has sixty days to file an answer or defense.  Fed. R. Civ. P. 12(a)(3)(B). Sixty days from November 3, 2005 was January 2, 2006, a federal holiday and thus the answer or defense became due on January 3, 2006.

## V.  CONCLUSION

This Court lacks Jurisdiction over Plaintiff's claims.   For the foregoing reasons and those stated in the government's Motion to Dismiss, this action must be dismissed.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC BAR #451058
United States Attorney


_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney


_____
  KEVIN K. ROBITAILLE
 Special Assistant U.S. Attorney
 555 4th Street, NW
 Washington, D.C. 20530
 (202) 353-9895