UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH N. BRIGGS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 05-1344 (GK) |
| STATE DEPARTMENT FEDERAL CREDIT UNION, et al., | ) ) ) |
| Defendants. | ) ) |

## STATE DEPARTMENT FEDERAL CREDIT UNION'S
## RESPONSE TO PLAINTIFF'S "MOTION FOR DECISION"

Although the State Department Federal Credit Union ("SDFCU") need not respond to the Plaintiff's "Motion for Decision," we file this brief response to attempt to clarify the status of the situation, in part because SDFCU is unsure what the "motion for decision" is. A partial history of the case helps to illustrate the impropriety of this motion:

- The complaint was filed on July 19, 2005.

- On October 2, Plaintiff sent a letter to the Clerk of the Court requesting that a Default Judgment against the Defendants be entered in the above-captioned case. In addition to directing the Plaintiff to review the Federal Rules of Civil Procedure, especially Rules 3 through 6, the Court noted that the Clerk of the Court correctly informed Plaintiff that a Default Judgment could not be entered because the Defendants had not been served.

- The Government moved to dismiss the complaint on January 3, 2006.

- Venable LLP entered its appearance as counsel for SDFCU on January 9, 2006.

- SDFCU filed a filed a motion to dismiss the complaint, by counsel, on January 9, 2006 pursuant to Rules 12(b)(4) and (5).

- Mr. Briggs filed a "Motion to Proceed" on January 17, 2006. While called a motion, it appeared to be an answer to the Government's motion to dismiss.

#739264/DC2
042956-199225

- On January 30, Plaintiff filed "Plaintiff's Reply to Defendants Opposition to Plaintiffs Motion to Proceed and Memorandum in Support of Plaintiffs Motion." It referred to a "memorandum dated January 23, 206, by Defendants Contending Lack of Jurisdiction and Scope of US Government Employees Office." There had been nothing filed on January 23 by either the Government or SDFCU. The "Motion" does not mention SDFCU, and appears to respond to the Government's motion to dismiss.

- On February 1, Plaintiff filed a "Motion for Judgment by Default." This motion mentions "Both Parties" for the first time, presumably referring to both Defendants, and refers to a motion filed January 10, 2006, although there was no motion filed on that date.

- On March 21, 2006, the Plaintiff filed another "Motion for Decision." This motion requests the Court to "Bar Venable LLP From Entering Into This Case…." Venable LLP is not a party, of course, but counsel to SDFCU, which still had never been properly served.

It is not clear what this "Motion for Decision" is. The bases of the "Motion" suggest that it might be a motion for entry of a default, although it does not ask for entry of a default or default judgment. If it were such a motion, and if it were directed at a party, it would be frivolous if filed by an attorney. Entry of a Default against SDFCU would clearly be improper under Rule 55(a), since there has clearly been no failure to "otherwise defend" this lawsuit. See 10 James Wm. Moore, et al., Moore's Federal Practice § 55.10[10][2][b] (3d ed. 2005). Furthermore, because SDFCU has never been properly served, it should not be required to respond to Plaintiffs' periodic "Motions" that lack any basis in the law. Any proceedings against SDFCU are invalid without proper service. 1 James Wm. Moore, et al., Moore's Federal Practice § 4.03[2] (3d ed. 2005).

The text of the motion refers entirely to Venable, and not to SDFCU. It appears that the Plaintiff might not understand the distinction between counsel and client, and has framed his arguments as attempting to assert grounds for default against SDFCU's counsel rather than SDFCU itself. From the arguments made, however, it also appears to be a further opposition to SDFCU's motion to dismiss rather than a motion.

This motion illustrates the Court's concern expressed in its Order of February 9, 2006, staying consideration of the pending motions so that Plaintiff could continue his efforts to retain counsel. The Plaintiff's motion would be meritless if it were directed against a party rather than counsel, and clearly should be denied.

          Respectfully submitted,

          */s/ Lawrence B. Bernard*
          Lawrence B. Bernard  (D.C. Bar No. 181636)
          VENABLE LLP
          575 7th Street, N.W.
          Washington, D.C.  20004
          Telephone:  (202) 344-4854
          Facsimile:  (202) 344-8300

          ***Counsel for Defendant***
          ***State Department Federal Credit Union***

Date:  <u>April 5, 2006</u>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of April 2, a true and complete copy of the foregoing *State Department Federal Credit Union's Response to Plaintiff's "Motion For Decision"* was served by the Court's DCD/ECF electronic filing system pursuant to LCvR 5.4(d)(1) on the following:

>Kevin K. Robitaille, Esquire
>Special Assistant U.S. Attorney
>555 4th Street, N.W.
>Washington, D.C. 20530
>
>***Counsel for Defendants Staff Sergeant Crowley, Military Police and Staff Sergeant Dunlap, Military Police***

and by first-class mail, postage prepaid, on:

>Mr. Joseph N. Briggs (*pro se*)
>3415 Joann Drive
>Windsor Mills, Maryland 21244

_____
Teresa E. Huguley

#739264/DC2
042956-199225