**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSEPH N. BRIGGS,         ) | |
|                 ) | |
|       **Plaintiff,**    ) | |
|                 ) | |
|     **v.**               ) | **Civil Action No.** |
|                 ) | **05-1344 (GK)** |
| STATE DEP'T FED CREDIT UNION, ) | |
| <u>et</u> <u>al.</u>,               ) | |
|                 ) | |
|       **Defendants.**   ) | |
|                 ) | |

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Joseph Briggs, brings this action <u>pro</u> <u>se</u> against the State Department Federal Credit Union ("SDFCU" or the "Credit Union") and two military policemen, Staff Sergeants Scherill Crowley and John Dunlap.[1]  Plaintiff claims to have sustained permanent tissue damage when Crowley and Dunlap arrested and detained him and seeks money damages for pain and suffering as a result.

This matter is now before the Court on the United States' Motion to Dismiss [Dkt. No. 7], SDFCU's Motion to Dismiss [Dkt. No. 9], Plaintiff's Motion for Judgment by Default [Dkt. No. 15], and Plaintiff's Motion for Decision [Dkt. No. 23].  Upon consideration

---

[1]  As discussed in greater detail <u>infra</u>, because the United States Attorney for the District of Columbia has certified that Crowley and Dunlap were acting within the scope of their employment at all relevant times, and because Plaintiff failed to challenge that certification, the United States has been properly substituted as a Defendant pursuant to 28 U.S.C. § 2679.  <u>See</u> United States' Mot. to Dismiss [Dkt. No. 7] at 5.

of the Motions, Opposition,[2] and Replies, and the entire record herein, and for the reasons stated below, the United States' Motion to Dismiss is **granted**, SDFCU's Motion to Dismiss is **granted**, Plaintiff's Motion for Judgment by Default is **denied**, and Plaintiff's Motion for Decision is **denied.**

## I. BACKGROUND

### A.   Facts[3]

On January 9, 2005, Plaintiff visited the Credit Union's Fort McNair Branch to collect what he contends was a balance of $200 in an account he formerly held.  While Plaintiff concedes that SDFCU paid him the $200, he claims that a dispute arose during his visit, that he was arrested and detained by Crowley and Dunlop, and that the officers kicked him four times on the right leg, causing permanent tissue damage.  As a result, Plaintiff seeks $8,000,000 in damages for pain and suffering.

### B.   Procedural History

Plaintiff filed his Complaint on July 6, 2005.  On October 19, 2005, after Plaintiff requested that Default Judgment be entered in

---

[2]  Plaintiff titles his combined Opposition to the Defendants' Motions to Dismiss as a "Motion to Proceed."  See Dkt. No. 11.

[3]  For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be accepted as true and liberally construed in favor of the plaintiff.  EEOC v. St. Francis Xavier Parochial School, 117 F.3d 621, 625 (D.C. Cir. 1997).  Therefore, the facts set forth herein are taken from the Complaint or from the undisputed facts presented in the parties' briefs.

his favor, the Court issued an Order denying Plaintiff's request because he had not yet effected service of process on Defendants. <u>See</u> Dkt. No. 3.  The Court also instructed Plaintiff to familiarize himself with the "steps he must take to move his case forward" and particularly "to review the Federal Rules of Civil Procedure, especially Rule 3 through Rule 6." <u>Id.</u>  On October 25, 2005, a summons was reissued as to Defendant United States, but not as to Defendant SDFCU.  While Plaintiff effected service on the United States on November 3, 2005, he has not properly served SDFCU to date.

The instant Motions to Dismiss were filed by the United States and SDFCU on January 3, 2006 and January 9, 2006, respectively.  On February 8, 2006, the Court held an Initial Scheduling Conference with the parties at which it explained to Plaintiff the benefits of securing representation by counsel, if possible.  At that time, the Court stayed consideration of the pending Motions until March 27, 2006 in order to give Plaintiff an opportunity to find a lawyer. To date, no attorney has entered an appearance on Plaintiff's behalf. Plaintiff has, however, continued to file numerous Motions and Notices with the Court, including the instant Motion for Judgment by Default [Dkt. No. 15] and Motion for Decision [Dkt. No. 23].

## II. STANDARD OF REVIEW

A motion to dismiss should only be granted "when it appears beyond doubt that, under any reasonable reading of the complaint,

the plaintiff will be unable to prove any set of facts that would justify relief." <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984). Because such motions "summarily extinguish litigation at the threshold and foreclose the opportunity for discovery and factual presentation, [they] should be treated with the greatest of care." <u>Haynesworth v. Miller</u>, 820 F.2d 1245, 1254 (D.C. Cir. 1987). Accordingly, the factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff. <u>Shear v. Nat'l Rifle Ass'n of Am.</u>, 606 F.2d 1251, 1253 (D.C. Cir. 1979).

     Courts in this jurisdiction must liberally construe pleadings submitted by a <u>pro se</u> party. <u>See</u> <u>U.S. v. Palmer</u>, 296 F.3d 1135, 1143 (D.C. Cir. 2002) (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), for the proposition that the allegations of a <u>pro se</u> litigant, "however inartfully pleaded," are subject to "less stringent standards than formal pleadings drafted by lawyers"). There are limits to the latitude a court must afford, however. A court may not, for instance, permit <u>pro se</u> litigants to disregard the Federal Rules of Civil Procedure. <u>See</u> <u>U.S. v. Funds From Prudential Securities</u>, 362 F. Supp. 2d 75, 82 (D.D.C. 2005). Nor may a court entertain "what[ever] claims a [<u>pro se</u> litigant] may or may not want to assert" without an adequate jurisdictional basis. <u>Jarrell v. Tisch</u>, 656 F.Supp. 237, 239 (D.D.C. 1987).

III. **ANALYSIS**

   A.   **The Court Does Not Have Subject Matter Jurisdiction Over Plaintiff's Claim Against the United States**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the United States moves to dismiss Plaintiff's tort claims for lack of subject matter jurisdiction.  See United States' Mot. to Dismiss at 3.  According to the Government, because the United States has been properly substituted as a party, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq., governs Plaintiff's claims. As a result, because Plaintiff has not exhausted his administrative remedies under the procedures set forth in the FTCA, the Government contends that his claims are not properly before the Court at this time.  See id. at 5-10.

   1.   **Crowley and Dunlap were acting within the scope of their employment and the United States was properly substituted as a party**

Plaintiff initially brought suit against the two military police officers whom he claims assaulted him during his January 9, 2005 visit to the SDFCU's Fort McNair branch.  Exercising authority delegated to him under 28 C.F.R. § 15.4, Kenneth Wainstein, the United States Attorney for the District of Columbia, certified on January 3, 2006 that Crowley and Dunlap were acting within the scope of their employment at the time of the events giving rise to this action.  See United States' Mot. to Dismiss, Ex. 1, Wainstein Decl.

Pursuant to the Federal Employees Liability Reform and Tort

Compensation Act of 1988, 28 U.S.C. §§ 2679 et seq., commonly known as the Westfall Act, such a certification relieves a government employee of potential liability and substitutes the United States as the real party in interest, provided that the employee was, in fact, acting within the scope of his employment at the time of the alleged injury.  See 28 U.S.C. §§ 2679(d)(1).  Accordingly, whether the Government is the proper party, and thus whether the FTCA controls here, turn on whether Crowley and Dunlap were acting within the scope of their employment during the events that gave rise to this case.

Under the Westfall Act, a certification by the United States Attorney that a federal employee was acting within the scope of his employment at the time of an alleged injury has "'prima facie' effect."  Kimbro v. Velten, 30 F.3d 1501, 1509 (D.C. Cir. 1994) (citing Melo v. Hafer, 13 F.3d 736, 747 (3d Cir. 1994)).  Although it is not conclusive evidence, Gutierrez-Martinez v. Lamagno, 515 U.S. 417 (1995), such a certification creates a presumption that the plaintiff must rebut by coming forward with "competent evidence" that the act in question occurred outside the scope of an employee's duties.  Melo, 13 F.3d at 736; see also  Hosey v. Jackobik, 966 F. Supp. 12, 14 (D.D.C. 1997).

In this case, Wainstein's certification constitutes prima facie evidence that Crowley and Dunlap were acting within the scope of their employment during the events of January 9, 2005.  Rather

than directly rebut that certification with credible evidence that
Crowley and Dunlap exceeded the scope of their employment, however,
Plaintiff simply states that "the scope of U.S. Government
Employees' office is no [big] question."  Pl.'s Reply to Def.'s
Opp'n to Pl.'s Mot. to Proceed [Dkt. No. 13] at 1.  He also poses
a rhetorical question about whether "U.S. employees go beyond the
scope of their office when [using] force" to interfere with the
"constitutional right to silence?"  Id.  Such conclusory statements
and generalized speculation cannot suffice to rebut the presumption
raised by Wainstein's certification.

Furthermore, even assuming that Plaintiff had offered more
convincing rebuttal evidence, any claim that Crowley and Dunlap
acted beyond the scope of their employment must fail as a matter of
law.  Under District of Columbia law, which the Court must apply
when deciding agency issues, conduct is within the scope of
employment if:

> (a) it is of the kind the [employee] is employed to
> perform; (b) it occurs substantially within the
> authorized time and space limits; (c) it is actuated, at
> least in part, by a purpose to serve the [employer]; and
> (d) if force is intentionally used by the [employee]
> against another, the use of force is not unexpected by
> the [employer].

Haddon v. U.S., 68 F.3d 1420, 1423-24 (D.C. Cir. 1995).

Applying these principles to the facts as alleged by
Plaintiff, and accepting his claims as true, there can be no
question that Crowley and Dunlop acted within the scope of their

employment.  As military police officers at Fort McNair, one of their primary duties is to provide security for the SDFCU's on-site branch.  They were on duty at the branch on January 6, 2005 and there is no evidence that they took the alleged actions for any purpose except to provide security there.  As police officers, moreover, they can be reasonably expected to use force from time to time while discharging their duties.[4]

Accordingly, because Crowley and Dunlap acted within the scope of their duties at all relevant times, they are absolutely immune from liability in this case.  The United States was properly substituted as the Defendant for any claims that might arise out of Dunlap and Crowley's actions.

> **2.    Plaintiff has not exhausted his administrative remedies under the FTCA and his claims against the United States are therefore barred by sovereign immunity**

Having determined that the United States was properly substituted as a Defendant in this case, the Court must now consider what is the dispositive question: whether Plaintiff's claim is barred by the FTCA.

It is well-established that sovereign immunity bars claims against the United States unless there has been an express or implied waiver of immunity.  See United States v. Mitchell, 463 U.S. 206, 212 (1983) ("The United States may not be sued without

---

[4]   The Court notes that the United States has not conceded that either Crowley or Dunlap in fact used force against Plaintiff.

its consent."). When the United States waives its immunity, it may place procedural or jurisdictional conditions on that waiver. See Fornaro v. James, 416 F.3d 63, 66 (D.C. Cir. 2005) (citing United States v. Sherwood, 312 U.S. 584 (1941)). While the FTCA waives sovereign immunity for tort claims against federal agencies and employees, it does so conditionally, requiring that "a claimant . . . first present[] the claim to the appropriate Federal agency" and that the "claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). In other words, prior to bringing a tort action against the United States in federal court, a claimant must first exhaust his administrative remedies. This requirement is jurisdictional rather than prudential: a district court simply has no power or authority to hear any claim governed by the FTCA unless the plaintiff has first satisfied the statute's exhaustion requirement. See Simkins v. District of Columbia Government, 108 F.3d 366, 371 (D.C. Cir. 1997).

There is no evidence that Plaintiff requested relief at the administrative level prior to initiating this suit, let alone that the appropriate agency "finally denied . . . in writing" such a request. 28 U.S.C. § 2675(a). In fact, the Deputy Chief of the United States Army's Tort Claims Division, before whom Plaintiff should have brought his complaint, submitted a declaration stating that the agency has no record of Briggs having filed any administrative claim since 1988. See United States' Mot. to

Dismiss, Ex. 2, Rouse Decl.  Plaintiff does not respond to that declaration or otherwise offer evidence that he did file an administrative claim with the United States Army.

Where, as here, Plaintiff has filed a claim against the United States that is governed by the FTCA without first exhausting his administrative remedies, the Court does not have subject matter jurisdiction to hear the case.  See Simkins, 108 F.3d at 371. Pursuant to Federal Rule of Civil Procedure 12(b)(1), therefore, the Complaint is dismissed without prejudice as to the United States.

B.     **The Complaint Must Be Dismissed as to Defendant SDFCU Because Plaintiff Failed to Make Timely Service of Process**

SDFCU claims that is not a proper party to this action because Plaintiff failed to effect timely service of process.  See SDFCU's Mot. to Dismiss at 3.  In the alternative, it contends that the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  See id. at 4-5.  Because the Court concludes that Plaintiff has failed to effect timely service of process, or to show good cause for that failure, it is unnecessary to address SDFCU's alternative argument under Rule 12(b)(6).

Where, as here, the defendant is a corporation or association, Federal Rule of Civil Procedure 4 requires a plaintiff to serve a summons, together with a copy of the complaint, upon "an officer .

-10-

. . managing or general agent, or . . . any other agent authorized by appointment or by law to receive service of process." See Fed. R. Civ. P. 4(c), (h).  Although service must generally occur within 120 days of the filing of the complaint, a court may extend the deadline for service if the plaintiff shows good cause for such an extension.  See Fed. R. Civ. P. 4(m).  If service has not been effected within 120 days of the filing of the complaint, and plaintiff has failed to show good cause for the delay, a court may dismiss the complaint without prejudice.  See id.; see also Pellegrin & Levine, Chartered v. Antoine, 961 F.2d 277, 282 (D.C. Cir. 1992).

Briggs filed his Complaint on July 6, 2005, and was therefore obligated either to serve SDFCU by November 3, 2005 or to seek an extension for good cause.  He did neither.  At some point before November 3, 2005, Plaintiff sent a copy of the Complaint, without a corresponding summons, to the Credit Union's "President and CEO" at its Alexandria, Virginia headquarters.  See SDFCU's Mot. to Dismiss at 2.  Later, under separate cover and without a copy of the Complaint, Plaintiff sent a summons directed to himself to Cynthia Chamberlain, who serves as manager of the Credit Union's Fort McNair branch.  See id.  Chamberlain is not a registered agent for SDFCU.  At no time did Plaintiff satisfy the service procedures set forth in Rule 4 by delivering a summons together with a copy of the Complaint to a proper agent of SDFCU.

-11-

On October 19, 2005, more than two weeks before expiration of the deadline for service under Rule 4, the Court notified Plaintiff that he had not yet properly served either Defendant and directed him to the Federal Rules governing service of process. See Dkt. No. 3. After receiving that Order, Plaintiff effected service on the United States. He did not, however, serve SDFCU within the allotted time. To date he has offered no justification, let alone a convincing one, for his failure to do so.

Plaintiff's failure to effect service pursuant to Rule 4 compels dismissal of his action against SDFCU. Briggs was warned before the service period had expired that his action could not proceed against SDFCU until he effected proper service. By serving the United States properly, and within the appropriate time period, Plaintiff demonstrated that he understood the Rule 4 procedures and was capable of following them. In such circumstances, his failure to serve SDFCU, or to offer an explanation for such failure, is inexcusable. Accordingly, the Complaint is hereby dismissed without prejudice as to Defendant SDFCU.

**C.    Plaintiff's Motion for Judgment By Default and Motion for Decision Must Be Dismissed Because Neither Raises Any Conceivable Ground on Which Relief Could Be Granted**

Plaintiff has filed two Motions, which he respectively titles a "Motion for Judgment by Default" [Dkt. No. 15] and a "Motion for Decision" [Dkt. No. 23]. Both Motions appear to be directed at

SDFCU, which Plaintiff describes as "the party of the first part," and both appear to request that Default Judgment be entered in his favor on the ground that SDFCU has failed to respond properly to his Complaint.

 Pursuant to Federal Rule of Civil Procedure 55, a court may enter default judgment against a party that has "failed to plead or otherwise defend" itself against a properly-instituted lawsuit. See Fed. R. Civ. P. 55(a).  Because it is an extraordinary remedy, however, there is a "general federal policy against default judgment."  Whelan v. Abell, 48 F.3d 1247 (D.C. Cir. 1995).

Throughout the pendency of this lawsuit, SDFCU has actively and vigorously defended itself.  Two attorneys have entered their appearance on behalf of SDFCU, one of whom participated in the February 8, 2005 Initial Scheduling Conference.  Furthermore, the Credit Union has filed two responsive pleadings in this case, including a Response to Plaintiff's Motion for Decision.  See Dkt. No. 24.  Especially given the fact that SDFCU has yet to be properly served, it simply cannot be said that the Credit Union has failed to defend itself.  There is thus is no basis on which a default judgment could be entered against it.

Accordingly, Plaintiff's Motion for Judgment by Default and Motion for Decision are denied with prejudice.

**IV. CONCLUSION**

For the foregoing reasons, Defendant SDFCU's Motion to Dismiss is **granted**, Defendant United States' Motion to Dismiss is **granted**, Plaintiff's Motion for Judgment by Default is **denied**, and Plaintiff's Motion for Decision is **denied.**

An Order will issue with this Opinion.


May 25, 2006

/s/_____
Gladys Kessler
U.S. District Judge


**Copies to**: attorneys on record via ECF and

**JOSEPH N. BRIGGS**
**3415 Joann Drive**
**Windsor Mills, MD 21244-2922**